### SPRAGUE v. CURRIE et al.

(Supreme Court, Appellate Division, First Department. June 11, 1909.)

ACTION (§ 50*)—MISJOINDER OF CAUSES.

A complaint against three firms of brokers to open accounts rendered by each of the firms, which alleges that one or the other of the firms had made secret profits out of stocks carried for plaintiff, some of the defendants being members of all the firms, and other defendants being members of only one or another of the firms, is demurrable for misjoinder of causes of action.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 50.*]

Appeal from Special Term, New York County.

Action by Frank J. Sprague against Frederick Currie and others. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Walter W. Irwin, for appellants.
Paul E. Jones, for respondent.

SCOTT, J.  The plaintiff sues three successive firms of stockbrokers with whom he had transactions as a customer.  Some of the defendants were members of all three firms.  Other defendants were members of only one or another of the firms.  The complaint shows that many statements of account were rendered to him by each of the firms, which were retained without objection.  He now seeks to open these accounts, alleging that one or another of the firms had made secret profits out of stocks carried for him, and in certain instances had without his knowledge acted as brokers both for the sellers and purchasers of stock bought upon his orders.  We think that the complaint clearly united three causes of action, and that the demurrer should have been sustained on that ground.  If one firm made false statements or realized secret profits, this created no liability against those members of the precedent or subsequent firm who were not members of the delinquent firm and participated neither in the wrongful acts nor the profits derived therefrom.  Whether or not the complaint states a cause of action against the members of either firm need not now be considered.

The interlocutory judgment appealed from must therefore be reversed, and the demurrer sustained, with costs in this court and the court below, with leave to plaintiff to amend his complaint within 20 days upon payment of such costs.  All concur.